IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NATIONAL OILWELL VARCO, L.P., § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:12-cv-03120 |
| § | |
| MUD KING PRODUCTS, INC., *et al.*, § | |
| Defendants. § | |

## ORDER

Before the Court is Plaintiff National Oilwell Varco, L.P. ("Plaintiff")'s Motion for Deemed Service of Process [Doc. # 117] ("Motion"). Plaintiff states that it attempted to serve its Complaint on Defendant Oilman Group, Co., Ltd. ("Oilman") pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), but that its agent for service reported that "[Oilman] refused to accept the documents without any reasons." Motion, ¶¶ 6-7. Plaintiff also states that it has mailed copies of documents to Oilman and sent Oilman an email notifying Oilman of Plaintiff's intention to file an application for a temporary restraining order, but has not received any response from the company.[1] *Id.*, ¶¶ 4, 8-9. Finally, Plaintiff notes that "[t]he

---

[1] While Plaintiff states that it "sent test emails to various Oilman email addresses," and that it was notified via the email serve that "the emails were delivered," Motion, ¶ 9, Plaintiff does not state that it emailed its Complaint or other papers required for

Chinese Central Authority has failed to return a certificate" indicating that service was completed pursuant to the Hague Convention. *Id.*, ¶ 10. Plaintiff asks the Court to deem the steps it has thus far taken to serve Oilman as sufficient to effectuate service of process under Federal Rule of Civil Procedure 4(f) and the Hague Convention so that it "may proceed with entry of a default." *Id.*, ¶ 18.

Article 15 of the Hague Convention provides:

> Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that –
>
> > a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or
> >
> > b) the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,
>
> and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.
>
> Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled –
>
> > a) the document was transmitted by one of the methods provided for in this Convention,

---

service of process to any of these addresses.

> b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document, [and]
>
> c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.
>
> Notwithstanding the provisions of the preceding paragraphs[,] the judge may order, in case of urgency, any provisional or protective measures.

Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 15, Nov. 15, 1965, 20 U.S.T. 361. While Plaintiff has addressed the latter half of this Article in its Motion, *see* Motion, ¶ 15, it fails to address the first half of the Article or offer evidence sufficient to enable the Court to determine that its provisions were met. Specifically, Plaintiff has not offered to the Court legal authority explaining the methods by which a party can serve documents under "the internal law of the state addressed for the service," *i.e.*, China, nor has it offered proof that it served or attempted to serve Oilman in this manner. Moreover, Plaintiff has not offered evidence that "the document was actually delivered to the defendant or his residence" via a method permitted by the Hague Convention. Finally, while Plaintiff states that it has not received a certificate of service from the Chinese Central Authority, it fails to show through competent

evidence that it has used "every reasonable effort . . . to obtain it." The Court declines to grant the Motion on this record.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Deemed Service of Process [Doc. # 117] is **DENIED without prejudice**. The Court may entertain another similar motion provided Plaintiff addresses the issues raised above and provides proper evidence in support of its contentions.

SIGNED at Houston, Texas, this 28th day of **March, 2014**.

*Nancy F. Atlas*
Nancy F. Atlas
United States District Judge